IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ENRIQUE DOMINGUEZ, § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. _____ |
| § | JURY |
| LUFKIN INDUSTRIES, INC. § | |
| Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

### JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 (4); 42 U.S.C. § 2000e - 5(f) and 28 U.S.C. Sections 2101 and 2102. This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as "The Civil Rights Act of 1964", 42 U.S.C. §§ 2000e et. seq. The jurisdiction of this Court is invoked to secure protection of and to redress depravation of rights secured by (a) 42 U.S.C. § 2000e et. seq. as amended by the Civil Rights Act of 1991, providing for relief against discrimination in employment providing for equal rights of all person and every state and territory and the jurisdiction of the United States.

### PARTIES

2. Plaintiff, ENRIQUE DOMINGUEZ is an individual residing at 115 Butler, Lufkin, Angelina County, Texas.

3. Defendant, LUFKIN INDUSTRIES, INC. has continuously been and is now a domestic corporation doing business in East Texas. Defendant's Registered Agent, is CT Corporation and may be served with process at 350 North St. Paul Street, Dallas, Texas 75201. Defendant LUFKIN INDUSTRIES, INC is an "employer" as defined by 29 U.S.C. §203(d).

# FACTS

4. Plaintiff was an Hispanic employee of Defendant. The unlawful employment practices alleged below were and are being within the Eastern District of the State of Texas.

5. During the course of his employment with Defendant, Plaintiff was subjected to hostile treatment from a Supervisor for Defendant, Albert Stokely. Stokely frequently treated Plaintiff differently than white employees of Defendant, including denial of overtime, raises, scheduling flexibility and training that was permitted for white employees.

6. In 2011, a white employee of Defendant pushed Plaintiff. Although Plaintiff had done nothing wrong, he was required to sign a "last chance agreement" and sent home for five days.

7. In September 2012, Plaintiff was assigned to work on a milling machine that he had not been trained on. Due to an incorrect setting on the machine, Plaintiff had to rework and scrap parts. Plaintiff's supervisor at that time, Dusty Ennin, indicated that the scrapped and reworked parts would not go against Plaintiff's work record.

8. Instead, Plaintiff was told it was a violation of his "last chance agreement" regardless of whether the reworked and scrapped parts were his fault, and Plaintiff was subsequently terminated on or about September 13, 2012. White employees of Defendant were not treated in this manner.

9. Plaintiff complained to Defendant that he was being discriminated against based on his race/national origin. Defendant retaliated by accusing Plaintiff of stealing.

10. At all times relevant to the allegations contained in this Complaint, the company has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 701 (b)(g)(h) of Title VII, 42 U.S.C. Section 2000e (b)(g)(h).

11. Within 300 days of the occurrence of the acts of which Plaintiff complains, a charge of

employment discrimination was filed with the Equal Employment Opportunity Commission (EEOC) by Plaintiff against the company.

12. On or about November 7, 2013, Plaintiff received a "Notice of Right to Suit" from the EEOC in Houston, Texas and has instituted a civil action in the appropriate Federal District Court within ninety (90) days of the date the receipt of said notice.

13. At all times relevant hereto, Defendant has enacted and effected policies and practices of unlawful and systematic exclusion of and discrimination against Plaintiff, as a Hispanic male by inter alia:

  a. Failing to equalize conditions of employment for Plaintiff as contrasted with comparably trained and qualified non-Hispanic;

  b. Adopting unreasonable, unwarranted and arbitrary standards and conditions of employment and advancement designed to discriminate against Plaintiff because of his race/national origin;

  c. Failing to promote Plaintiff to a higher and better paying position in the same manner and at the same rate as comparably trained and qualified non-Hispanic employees;

  d. Subjecting Plaintiff to a hostile working environment;

  e. Committing acts of retaliation against Plaintiff by reason of his complaining of race/national origin discrimination in the workplace.

## DAMAGES

14. At the time of his discharge, Plaintiff earned wages, and received benefits from Defendant consisting of medical insurance, life insurance and retirement benefits.

15. Plaintiff would show the court that he has suffered actual damages for lost back wages, insurance benefits, lost future wages, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life as a direct result of Defendant's discriminatory

employment practices described above.

16. Defendant intentionally inflicted extreme emotional distress upon Plaintiff by intentionally discharging Plaintiff on the basis of his race/national origin. Plaintiff has suffered extreme emotional distress, embarrassment, severe disappointment, indignation, shame, despair, and public humiliation due to Defendant's conduct toward Plaintiff and due to Defendant's discharge of Plaintiff.

17. Plaintiff would further show the court that he is entitled to recover punitive damages for Defendant's intentional and malicious acts as described above toward Plaintiff regarding his employment with Defendant.

18. Plaintiff hereby demands a trial by jury.

19. Plaintiff is entitled to recover her reasonable and necessary attorney's fees pursuant to 42 U.S.C. § 2000e.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be entered against Defendant and in favor of Plaintiff:

(a) Requiring that Defendant pay over to Plaintiff the actual, compensatory damages suffered by Plaintiff by reason of Defendant's illegal acts and practices, including adjusted back and front pay, with interest, and lost benefits;

(b) Requiring Defendant pay to Plaintiff damages for mental distress, emotional pain and suffering, inconvenience and loss of enjoyment of life imposed upon Plaintiff through and as a result of the aforementioned discriminatory acts;

(c) Requiring Defendant to pay Plaintiff in the nature of punitive damages as a result of Defendant's willful and malicious discrimination against Plaintiff;

(d) Requiring that Defendant pay to Plaintiff his attorney's fees and costs and disbursements incurred in the prosecution of this suit; and such other and further relief to which Plaintiff may be justly entitled.

        Respectfully submitted,

        ___/s/_____
        William S. Hommel, Jr.
        Hommel Law Firm
        State Bar No. 09934250
        1404 Rice Road, Suite 200
        Tyler, Texas 75703
        903-596-7100
        469-533-1618 Facsimile

        ATTORNEY FOR PLAINTIFF